**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**DAVID DERRINGER**,

      Plaintiff,

vs.                                                       No. CIV 03-0290 MCA/LAM

**JOHN DENKO JR.**,
**CARLOS R. MALDONADO**, and
**NEW MEXICO STATE POLICE**,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendants' *Motion to Dismiss and Memorandum in Support* [Doc. No. 3] filed on March 28, 2003, *Plaintiff's Motion for Surreply to the Defendants' Motion to Dismiss* [Doc. No. 11] filed on May 20, 2003, and *Plaintiff's Motion for Order of Mandamus to Enforce the State Laws* [Doc. No. 13] filed on October 29, 2003. Having considered the pleadings of record, the relevant law, and otherwise being fully advised in the premises, the Court grants Defendants' motion, denies Plaintiff's motions, and dismisses this action for the reasons set forth below.

**I.**     **BACKGROUND**

This case is one of several civil actions that Plaintiff or his spouse have filed in this district concerning various disputes with his neighbors in Catron County, New Mexico. See, e.g., Derringer v. Chapel, No. CIV 03-804 WJ/RHS (D.N.M. Aug. 19, 2003) (memorandum

opinion and order dismissing case); Derringer v. Snyder, No. CIV 03-291 MV/KBM (filed Mar. 7, 2003); Nevitt v. Fitch, No. CIV 03-155 JP/WDS (D.N.M. May 19, 2003) (memorandum opinion and order dismissing case); Derringer v. Fitch, No. CIV 03-149 MV/RLP (filed Jan. 31, 2003); Nevitt v Fitch, No. CIV 02-1580 WJ/LFG (D.N.M. Dec. 31, 2002) (memorandum opinion and order dismissing case); Derringer v. N.M. Supreme Court, No. CIV 02-1075 MV/WDS (D.N.M. filed Aug. 28, 2002); Derringer v. Chapel, No. CIV 02-974 WJ/RLP (D.N.M. Oct. 3, 2002) (memorandum opinion and order dismissing case). Plaintiff has been enjoined from filing further frivolous lawsuits in this district, but the filing restrictions contained in that injunction do not apply to his "pending lawsuits." See Derringer v. Chapel, No. CIV 03-804 WJ/RHS (D.N.M. Sept. 8, 2003) (order granting injunctive relief).

In this action, Plaintiff alleges that Defendants John Denko Jr., Carlos Maldonado, and the New Mexico State Police have violated his rights by failing to arrest or take enforcement action against other individuals whom Plaintiff accuses of violating New Mexico's water laws, criminal code, and other laws. Many of these individuals are named as defendants in Plaintiff's other civil actions filed in this district, and many of those other civil actions already have been dismissed as groundless. By virtue of their failure to arrest or take enforcement action against these individuals, Plaintiff alleges that the Defendants in this case have violated his rights under the Fourteenth Amendment of the United States Constitution, as well as several federal civil-rights statutes, namely 42 U.S.C. §§ 1981(a), 1983, 1985(2), 1985(3), and 1986. Plaintiff also alleges that the Defendants in this case have

committed the common-law tort of intentional infliction of emotional distress and violated several federal criminal statutes, such as 18 U.S.C. §§ 241, 373 & 1959.

Defendants have filed a motion to dismiss in which they assert that they are immune from suit because Plaintiff's claims are barred by the Eleventh Amendment. [Doc. No. 3.] Defendants Denko and Maldonado also contend in their motion that, insofar as Plaintiff asserts federal civil-rights claims against them in their individual capacities, such claims are barred by the doctrine of qualified immunity. Finally, Defendants assert that Plaintiff lacks a viable cause of action against them under any other theory alleged in his *Complaint*, and thus this entire action must be dismissed.

Plaintiff has filed a motion requesting permission to file a surreply regarding Defendant's motion to dismiss his *Complaint*. [Doc. No. 11.] A copy of Plaintiff's proposed surreply is attached to his motion. Plaintiff also has filed a motion requesting that this Court issue a writ of mandamus to compel Defendants to enforce certain state laws. [Doc. No. 13.] Defendants oppose both of Plaintiff's motions.

## II.     ANALYSIS

### A.     Standards of Review

#### 1.     Dismissal for Lack of Subject-Matter Jurisdiction

In reviewing a facial attack on the sufficiency of Plaintiff's *Complaint* with respect to the issue of subject-matter jurisdiction, the Court assumes all well-pleaded allegations in the *Complaint* to be true. See Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002), cert. denied, 123 S. Ct. 1908 (2003). Defendants may, however, "go beyond allegations

contained in the complaint and challenge the facts upon which subject matter jurisdiction is based." Stuart v. Colo. Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001). The Court has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995). Thus, the Court's "reference to evidence outside the pleadings does not convert the [Rule 12(b)(1)] motion into a Rule 56 motion." Stuart, 271 F.3d at 1225. Unless it is shown that no re-drafting of the pleadings could cure the jurisdictional defect, a dismissal for lack of subject-matter jurisdiction generally is not a decision on the merits and, therefore, constitutes a dismissal without prejudice. See Fed. R. Civ. P. 41(b); Leaf v. Supreme Ct. of Wis., 979 F.2d 589, 595 (7th Cir. 1992).

### 2. **Dismissal for Failure to State A Claim**

Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief may be granted. Dismissal on these grounds may occur *sua sponte* or upon a defendant's motion. See Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir. 2001) (concluding that "sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts"). When requested in a defendant's motion, dismissal under this rule is appropriate only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir.1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). *Sua sponte* dismissal in this context is only appropriate when it is patently obvious that the

plaintiff cannot prevail on the facts alleged and allowing an opportunity to amend would be futile.  See Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir.1991); Curley, 246 F.3d at 1284.

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir.1991).  Accordingly, all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party.  GFF Corp., 130 F.3d at 1384.

"In addition to the complaint, the . . . [C]ourt may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."  Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002).  Thus, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." GFF Corp., 130 F.3d at 1384.  The Court "'may also take judicial notice of matters of public record' without converting a 12(b)(6) motion into a motion for summary judgment."  Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994).

### 3.     **Summary Judgment**

To the extent that the briefs regarding Defendants' motions to dismiss for failure to state a claim refer to and require consideration of other material outside of the pleadings, those motions may be reviewed under the summary-judgment standard articulated in Fed. R. Civ. P. 56, provided that the parties have sufficient notice.  See Fed. R. Civ. P. 12(b); David v. City of Denver, 101 F.3d 1344, 1352 (10th Cir. 1996).  Summary judgment under Fed. R. Civ. P. 56(c) "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading. . . ."  Fed. R. Civ. P. 56(e).  Rather, "the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial."  Id.  Judgment is appropriate "as a matter of law" if the nonmoving party has failed to make an adequate showing on an essential element of its case, as to which it has the burden of proof at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Lopez v. LeMaster, 172 F.3d 756, 759 (10th Cir. 1999).

In order to warrant consideration by the Court, the factual materials accompanying a motion for summary judgment must be admissible or usable at trial (although they do not necessarily need to be presented in a form admissible at trial).  See Celotex, 477 U.S. at 324.  It is not the Court's role, however, to weigh the evidence, assess the credibility of witnesses,

or make factual findings in ruling on a motion for summary judgment. Rather, the Court assumes the evidence of the non-moving party to be true, resolves all doubts against the moving party, construes all evidence in the light most favorable to the non-moving party, and draws all reasonable inferences in the non-moving party's favor. See Hunt v. Cromartie, 526 U.S. 541, 551-52 (1999).

### B.      Eleventh Amendment Immunity

The Eleventh Amendment to the United States Constitution bars suits in federal court for damages against states, state agencies, and state officials in their official capacities unless the state unequivocally waives its immunity or Congress expressly abrogates the immunity by creating a statutory cause of action. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 97-102 (1984). "Because the State's assertion of Eleventh Amendment immunity challenges the subject matter jurisdiction of the district court, the issue must be resolved before a court may address the merits of [a plaintiff's] underlying ... claim." Martin v. Kansas, 190 F.3d 1120, 1126 (10th Cir.1999), overruled on other grounds, Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356 (2001).

The Tenth Circuit has repeatedly held that unless a state waives its immunity by consenting to suit or Congress has abrogated the state's sovereign immunity, "the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court." Ruiz, 299 F.3d at 1180 (citation omitted). The State of New Mexico and its officials have not consented to be sued in this case. In addition, the United States Supreme Court and the Tenth Circuit have determined that Congress' passage of 42 U.S.C. §§ 1981, 1983, 1985, and

1986 did not abrogate the state's sovereign immunity.  See Quern v. Jordan, 440 U.S. 332, 345 (1979); Ruiz, 299 F.3d at 1181; Ellis v. Univ. of Kan. Med. Ctr., 163 F.3d 1186, 1196 (10th Cir. 1998); Seibert v. State of Okla. ex rel. Okla. Health Sciences Ctr., 867 F.2d 591, 594 (10th Cir. 1989), abrogated in part on other grounds by Fed. Lands Legal Consortium v. United States, 195 F.3d 1190 (10th Cir. 1999). Moreover, the Supreme Court has held that neither states nor state officers sued in their official capacities are "persons" within the meaning of §42 U.S.C. 1983.  See Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989).  For these reasons, Plaintiff's claims for damages against Defendants New Mexico State Police and Defendants Denko and Maldonado in their official capacity are barred by the Eleventh Amendment.  Accordingly, all of these claims must be dismissed without prejudice for lack of subject-matter jurisdiction.

### C.    Writ of Mandamus, Rooker-Feldman Doctrine, and Younger Abstention

The Eleventh Amendment does not prohibit suits against state officials for prospective injunctive relief. See Ex Parte Young, 209 U.S. 123, 159-60 (1908); Thompson v. Colorado, 278 F.3d 1020, 1024 (10th Cir.2001).  Thus, the allegations in Plaintiff's *Complaint* are not barred by the Eleventh Amendment insofar as they seek prospective injunctive relief rather than money damages.  In this regard, the Court notes that Plaintiff also has filed a motion seeking a writ of mandamus to compel Defendants to enforce certain state laws.

Plaintiff's *Motion for Order of Mandamus to Enforce State Laws* must be denied, however, because federal courts lack jurisdiction to issue writs of mandamus to direct state agencies in the performance of their duties.  See Van Sickle v. Holloway, 791 F.2d 1431,

-8-

1436 n.5 (10th Cir. 1986); Robinson v. Cal. Bd. of Prison Terms, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) (collecting cases).  To the extent that Plaintiff's *Complaint* asserts other claims for prospective injunctive relief, those claims are barred by the Rooker-Feldman Doctrine and the Younger Abstention Doctrine because they seek to enjoin the enforcement of state court judgments which are not properly the subject of judicial review in this Court. See Derringer v. Chapel, No. CIV 02-974 WJ/RLP (D.N.M. Oct. 3, 2002) (memorandum opinion and order dismissing case); Nevitt v. Fitch, No. CIV 03-155 JP/WDS (D.N.M. May 19, 2003) (memorandum opinion and order dismissing case).  For these reasons, Plaintiff's claims for prospective injunctive relief must be dismissed without prejudice for lack of subject-matter jurisdiction.

### D.    **Qualified Immunity**

Persons sued in their individual capacity under 42 U.S.C. §§ 1981, 1983, and 1985 generally are entitled to qualified immunity unless it is shown that their actions violated a specific federal statutory or constitutional right and that the rights which they allegedly violated were clearly established at the time of the conduct at issue.  See Oliver v. Woods, 209 F.3d 1179, 1185 (10th Cir. 2000) (discussing qualified immunity under 42 U.S.C. § 1983); Bisbee v. Bey, 39 F.3d 1096, 1102 (10th Cir. 1994) (extending qualified immunity to actions under 42 U.S.C. § 1985); Foley v. Univ. of Houston Sys., 324 F.3d 310, 314 (5th Cir. 2003) ("Claims against individual public officials under § 1981 are subject to the defense of qualified immunity.").  "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established

weight of authority from other courts must have found the law to be as the plaintiff maintains." Medina v. City & County of Denver, 960 F.2d 1493, 1498 (10th Cir. 1992).

When an individual defendant raises the affirmative defense of qualified immunity, the burden shifts to the plaintiff to establish that the defendant's actions violated a constitutional or statutory right and that the right at issue was clearly established at the time of the defendant's unlawful conduct. See Gross v. Pirtle, 245 F.3d 1151, 1155-56 (10th Cir. 2001). If the plaintiff fails to meet this burden, then the Court must grant the defendant qualified immunity. See id. at 1156. If the plaintiff does establish the violation of a clearly-established constitutional or statutory right, then the burden shifts to the defendant to prove that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. See id.

Because 42 U.S.C. § 1983 is not an independent source of substantive rights, but rather a mechanism for enforcing federal rights conferred elsewhere, the analysis of Plaintiffs' federal civil-rights claims necessarily begins by identifying the specific federal rights which the individual Defendants are alleged to have violated. See Graham v. Connor, 490 U.S. 386, 393-94 (1989); Reno v. Flores, 507 U.S. 292, 302 (1993); Dixon v. City of Lawton, 898 F.2d 1443, 1448 (10th Cir. 1990). In this case, Plaintiff alleges a number of violations of state law relating to proceedings in state court. The alleged violations of state law by the individual Defendants cannot, standing alone, form the basis for a claim under 42 U.S.C. § 1983. See Jones v. City & County of Denver, 854 F.2d 1206, 1209 (10th

Cir.1988). Thus, the focus of the Court's analysis of Plaintiff's claims under 42 U.S.C. § 1983 is on alleged violations of federal law.

With respect to federal law, Plaintiff's *Complaint* alleges that the individual Defendants have violated his rights under the Fourteenth Amendment to the United States Constitution, which provides that no state "shall deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV. These alleged violations stem from the individual Defendants' failure to arrest or take enforcement action against Plaintiff's neighbors, as well as a number of state and local officials, for conduct which Plaintiff regards as illegal. According to Plaintiff, his neighbors have engaged in illegal conduct on their property, interfered in various ways with his property rights and personal safety, and threatened to cause such interference. Insofar as certain state or local officials have ratified or facilitated his neighbors' conduct, Plaintiff asserts that they, too, have engaged in unlawful behavior which requires the individual Defendants to take enforcement action and arrest them.

The circumstances under which the Fourteenth Amendment requires an individual police officer or public safety official to arrest a person or take other protective action based on a third party's suspicions of unlawful activity are very limited. "[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." DeShaney v. Winnebago County Dep't of Soc. Serv., 489 U.S. 189, 195 (1989). "If the Due Process Clause does not require the

State to provide its citizens with particular protective services, it follows that the State cannot be held liable under the Clause for injuries that could have been averted had it chosen to provide them." Id. at 196; see Gonzales v. City of Castle Rock, 307 F.3d 1258, 1262-63 (10th Cir. 2002). Plaintiff asserts no valid exception to this rule, and there is no clearly established law which provides a basis for waiving the individual Defendants' qualified immunity under such an exception in this case.

There are limited circumstances in which a police officer's failure to conduct an arrest mandated by a state statute can give rise to a procedural due-process violation. See, e.g., Gonzales, 307 F.3d at 1266 (enforcement of restraining order in domestic relations proceeding where probable cause exists). Those circumstances are not present here, however, because the allegations in Plaintiff's *Complaint* do not involve the type of mandatory statute at issue in Gonzales, and Plaintiff alleges no valid, underlying order from the state court that would require the individual Defendants to take the kind of action requested by Plaintiff in this instance or create a statutory entitlement to such action. On the contrary, Plaintiff's *Complaint* alleges that the state court has failed to rule in his favor and is, therefore, complicit in the alleged illegal activities of his neighbors. There is no clearly established law requiring the individual Defendants to act in the manner requested by Plaintiff under these circumstances. Thus, they are entitled to qualified immunity with respect to Plaintiff's due-process claims.

The Court next addresses Plaintiff's equal protection claims against the individual Defendants. Long-standing equal protection jurisprudence has recognized that some measure

of selectivity in the law enforcement arena is constitutionally permissible. See Oyler v. Boles, 368 U.S. 448, 456 (1962). "Mere negligence or mistake resulting in uneven application of the law is not an equal protection violation." Roe v. Keady, 329 F.3d 1188, 1191-92 (10th Cir. 2003). "To be actionable, [the individual D]efendants' conduct must have been imbued with or directed toward an impermissible *discriminatory* purpose," Id. at 1192, with the result that Plaintiff "was treated differently from others who are similarly situated to him," Marshall v. Columbia Lea Reg. Hosp., 345 F.3d 1157, 1179 (10th Cir. 2003).

Although Plaintiff's *pro se* pleadings are to be liberally construed, mere conclusory allegations without supporting factual averments will not suffice. See Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir. 1995). In this case, the equal-protection claims in Plaintiff's *Complaint* lack such support. In particular, the *Complaint* lacks any supporting factual averments to show that Plaintiff is a member of a recognized protected class or that the individual Defendants' conduct was imbued with an impermissible discriminatory animus with respect to that class. In the absence of such averments, there is no clearly established law that would result in a waiver of the individual Defendants' qualified immunity with respect to Plaintiff's equal-protection claims under the Fourteenth Amendment and 42 U.S.C. § 1983.

Plaintiff's equal-protection claims under 42 U.S.C. §§ 1981, 1985(2), and 1985(3) fail for the same reason. To prevail under 42 U.S.C. § 1981, Plaintiff "must prove by a preponderance of the evidence that the defendant[s] intentionally discriminated against him

. . . on the basis of race." The Guides, Ltd. v. The Yarmouth Group Property Mgt., Inc., 295 F.3d 1065, 1073 (10th Cir. 2002). To establish an actionable conspiracy under 42 U.S.C. § 1985(3) or the equal-protection clause of 42 U.S.C. § 1985(2), plaintiff must prove that the conspiracy was motivated by "some racial or otherwise class-based discriminatory animus." See Dixon, 898 F.2d at 1447 (quotation omitted); Daigle v. Gulf State Utilities Co., Local Union No. 2286, 794 F.2d 974, 979 n. 5 (5th Cir. 1986) (collecting cases). Plaintiff's *Complaint* lacks any supporting factual averments that would tend to show a discriminatory racial or class-based animus on the part of the individual Defendants. Under these circumstances, there is no clearly established law that would result in a waiver of the individual Defendants' qualified immunity with respect to Plaintiff's claims under 42 U.S.C. §§ 1981, 1985(3), or the equal protection clause of 42 U.S.C. § 1985(2).

The Court next addresses Plaintiff's claims against the individual Defendants under the first clause of 42 U.S.C. § 1985(2), which is directed at interference with federal judicial proceedings. This clause of 42 U.S.C. § 1985(2) does not require a showing of racial or class-based discriminatory animus. See Kush v. Rutledge, 460 U.S. 719, 726 (1983). It does not apply here, however, because it is limited to conspiracies to deter or retaliate that directly affect, or seek to affect, a person's *attendance* at, or *testimony* in, a *federal* court. See Brown v. Chaffee, 612 F.2d 497, 502 (10th Cir. 1979) (citing Brawer v. Horowitz, 535 F.2d 830, 840 (3d Cir. 1976)); McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1036 n.2 (11th Cir. 2000); Herrera v. Scully, 815 F. Supp. 713, 726 (S.D.N.Y. 1993). In this case, the focus of Plaintiff's *Complaint* is on his allegedly unfair treatment in state court

-14-

proceedings. While Plaintiff has filed numerous civil actions in federal court, he does not provide any specific allegations that he has physically attended or testified in any federal court proceedings, much less that the individual Defendants have conspired to directly interfere with his attendance or testimony at such proceedings. Under these circumstances, his allegations regarding the individual Defendants in this case are too remote to establish a nexus with his physical appearance or testimony in a federal court. See Brawer, 535 F.2d at 840. In addition, there is no clearly established law under which state police and public safety officials have been held liable under such a conspiracy theory in this context. Accordingly, the individual Defendants are entitled to qualified immunity on Plaintiff's claims under the first clause of 42 U.S.C. § 1985(2) as well.

Claims under 42 U.S.C § 1986 are dependent on the existence of an underlying claim under 42 U.S.C. § 1985. See Wright v. No Skiter Inc., 774 F.2d 422, 426 (10th Cir. 1985); Taylor v. Nichols, 558 F.2d 561, 568 (10th Cir. 1977). As Plaintiff has no valid claim under 42 U.S.C. § 1985, his claim under 42 U.S.C. § 1986 also must be dismissed.

Similarly, a conspiracy claim under 42 U.S.C. § 1983 requires Plaintiff to plead and prove both the existence of a conspiracy and the actual deprivation of rights. See Dixon, 898 F.2d at 1449. As there is no actual deprivation of federal rights under the analysis articulated above, Plaintiff's conspiracy claim under 42 U.S.C. § 1983 also fails as a matter of law. Having concluded that Plaintiff cannot prevail on any of his federal civil-rights claims under 42 U.S.C. §§ 1981, 1983, 1985(2), 1985(3), or 1986, the Court grants the individual Defendants' motion to dismiss these claims based on qualified immunity. The dismissal of

these claims is with prejudice.  See Lybrook v. Members of the Farmington Mun. Schs. Bd. of Educ., 232 F.3d 1334, 1342 (10th Cir. 2000).

### E. Federal Criminal Statutes

Plaintiff also asserts that Defendants have violated a variety of federal criminal statutes.  See, e.g., 18 U.S.C. § 241 (conspiracy against rights); 18 U.S.C. § 373 (solicitation to commit a crime of violence); 18 U.S.C. § 1959 (violent crimes in aid of racketeering activity).  These criminal statutes do not provide Plaintiff with any private right of action. See Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 511 (2d Cir. 1994) (citing Powers v. Karen, 768 F. Supp. 46, 51 (E.D.N.Y. 1991), aff'd 963 F.2d 1522 (2d Cir. 1992)).  Thus, Plaintiff can neither sue directly under them, nor can he use them as a predicate for a federal civil-rights action under 42 U.S.C. § 1983.  See Dugar v. Coughlin, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985). Accordingly, these claims are dismissed with prejudice.

### F. State Law Claims

Plaintiff's also asserts claims against Defendants for the common-law tort of intentional infliction of emotional distress.  The allegations in Plaintiff's *Complaint* do not rise to the level of extreme and outrageous conduct required to support a claim for intentional infliction of emotional distress.  See Jaynes v. Strong-Thorne Mortuary, Inc., 1998-NMSC-004, ¶¶ 18-20, 124 N.M. 613, 954 P.2d 45; N.M. Unif. Jury Instr. 13-1628.  In the alternative, Plaintiff's claims for intentional infliction of emotional distress against Defendants are barred by Section 41-4-4(A) of the New Mexico Tort Claims Act, N.M. Stat.

Ann. § 41-4-4(A) (Michie 1978 and Supp. 2003).  See Garcia-Montoya v. State of N.M., State Treasurer's Office, 2001-NMSC-003, ¶ 49, 130 N.M. 25, 16 P.3d 1084; Romero v. Otero, 678 F. Supp. 1535, 1539 (D.N.M. 1987).  Therefore, these claims also are subject to dismissal.

### G. Procedural Issues

In response to Defendants' motion to dismiss, Plaintiff asserts a number of procedural grounds for denying that motion, such as Defendants' alleged violation of D.N.M. LR-Civ. 7.4(a) and failure to file an answer to his complaint.  These assertions are meritless and do not provide grounds for denying Defendant's motion.  The rules expressly provide for the tolling of the time for serving an answer when a motion under Rule 12(b) is served at this juncture.  See Fed. R. Civ. P. 12(a)(4), 12(b).  Further, D.N.M. LR-Civ. 7.4(a) does not require that motions be summarily denied if concurrence is not sought in the manner set forth in that rule, and D.N.M. LR-Civ. 1.7 allows the Court to waive the requirements of the local rules "to avoid injustice."

The Court denies *Plaintiff's Motion for Surreply to the Defendants' Motion to Dismiss* [Doc. No. 11] because Defendants' reply brief contained no new legal argument or evidentiary material that would justify the need for a surreply.  See Doebele v. Sprint/United Mgt. Co., 342 F.3d 1117, 1139 n.13 (10th Cir. 2003).  In addition, the Court has reviewed the proposed surreply and supporting materials attached to Plaintiff's motion and finds no additional grounds therein that would entitle Plaintiff to the relief he requests in this matter.

Finally, Plaintiff is advised that upon the entry of this *Memorandum Opinion and Order* and the accompanying *Final Order*, this action is no longer a "pending lawsuit" within the meaning of the *Injunction Restricting Plaintiff David Derringer from Filing Future Lawsuits* that was entered in No. CIV 03-804 WJ/RHS on September 8, 2003. Plaintiff is reminded that he must comply with all future filing requirements set forth in that *Injunction*.

## III.  CONCLUSION

For the foregoing reasons, the Court grants Defendants' *Motion to Dismiss and Memorandum in Support* [Doc. No. 3], denies *Plaintiff's Motion for Surreply to the Defendants' Motion to Dismiss* [Doc. No. 11], and denies *Plaintiff's Motion for Order of Mandamus to Enforce the State Laws* [Doc. No. 13].

**IT IS, THEREFORE, ORDERED** that Defendants' *Motion to Dismiss and Memorandum in Support* [Doc. No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that *Plaintiff's Motion for Surreply to the Defendants' Motion to Dismiss* [Doc. No. 11] is **DENIED**.

**IT IS FURTHER ORDERED** that *Plaintiff's Motion for Order of Mandamus to Enforce the State Laws* [Doc. No. 13] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's federal civil-rights claims against Defendants John Denko Jr., Carlos R. Maldonado, and New Mexico State Police in their official capacity are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's federal civil-rights claims against Defendants John Denko Jr. and Carlos Maldonado in their individual capacity are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all of Plaintiff's other claims against Defendants John Denko Jr., Carlos Maldonado, and New Mexico State Police, including Plaintiff's claims for intentional infliction of emotional distress and alleged violations of federal criminal statutes, are **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this 22nd day of December, 2003, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**